```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 13-20505-CR-ZLOCH
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              **ORDER ON**
                                                 **TRIAL INSTRUCTIONS**

ROGER ROUSSEAU, DORIS
CRABTREE, ANGELA SALAFIA
and LILIANA MARKS,

        Defendants.
_____/

    SUA SPONTE, the Court hereby enters trial instructions to counsel of record. The Order is necessitated both by the Court's observations and the Court's hope that this Order will inform the lawyers what will be expected of them in the courtroom. It is hereby

    **ORDERED AND ADJUDGED**:

    1. The Court expects counsel to stand when addressing the Court unless excused by the Court. Counsel will not approach the bench without permission of the Court. Counsel are also to obtain permission before approaching the witness stand. Counsel shall stand no closer to witness than edge of counsel table.

    2. Redirect and rebuttal are not to be a repetition of direct or the case-in-chief.

    3. Recross examination will not be permitted unless a clear showing is made that manifest injustice would otherwise occur.

    4. Objections to questions shall succinctly state the basis for the objection, e.g., leading, repetitive, ambiguous. No explanations of objections or speaking objections in the presence of the jury will be permitted. If further explanation is necessary, Parties are instructed to request a sidebar conference.

    5. Sidebar conferences are held at the discretion of the Court; requests are not automatically granted.

    6. The Court prefers that counsel use the lectern as much as practicable in order to help the jury hear all of the questions.

    7. <u>In all jury cases the Court expects requested jury instructions, together with verdict forms in civil cases, to be submitted no later than the morning of the start of trial on a 3.5 diskette or CD-ROM formatted in WordPerfect</u>.

    8. <u>In all non-jury/bench trials, the Parties are required to provide the Court with proposed Findings of Fact and Conclusions of Law no later than the beginning of the trial on a 3.5 diskette or CD-ROM formatted in WordPerfect. The parties shall also provide the Court with memoranda of law concerning any unique issues of law or fact involved in their case</u>.

    9. The following instructions will govern voir dire:

    (a) The Court will conduct the general questioning of the jury following, in large part, the Federal Judicial Center's suggested questions. If counsel have proposed voir dire questions, they must be submitted to the Court at least one full working day prior to the start of the Trial. Counsel may be permitted to ask questions of prospective jurors during the jury selection process at the discretion of the Court.

    (b) The Parties shall be allotted the number of peremptory challenges provided by Federal Rule of Criminal Procedure 24(b). If there are multiple defendants, the defendants may be allotted additional challenges to be exercised

jointly.
    (c) Parties are to excuse a juror at the earliest possible opportunity. There will be no "striking back" allowed.  For example, if you strike jurors numbered 2, 4, 6, and 8, the Court assumes you have accepted jurors numbered 1, 3, 5, 7, 9, 10, 11, and 12.
    10. All Parties will premark the exhibits they intend to introduce.
    11. Do not advise the jury in opening or closing statements that it may ask to have testimony "read back," as the Court ordinarily does not allow courtroom testimony to be repeated by the court reporter.
    12. Do not request the court reporter to read back testimony without prior permission of the Court.
    13. Counsel are reminded of Local Rule 11.1E which reads as follows:
> Before, during, and after trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not.  Provided, however, after the jury has been discharged, upon application in writing and for good cause shown, the Court may allow counsel to interview jurors to determine whether their verdict is subject to legal challenge.  In this event, the Court shall enter an Order limiting the time, place, and circumstances under which the interviews shall be conducted.

S.D. Fla. L.R. 11.1E; see also Code of Professional Responsibility DR 7-108(D) and EC 7-29.
    14. If a Daubert hearing is required, counsel are directed to inform the Court at least fourteen (14) days prior to Calendar Call.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___26th___ day of July, 2013.

                                WILLIAM J. ZLOCH
                                United States District Judge

cc:   Allan Medina, Esq., AUSA
      Samuel Rabin, Esq.
      Rene Palomino, Jr., Esq.
      Ricardo Hermida, Esq.
      Frank Prieto, Esq.