UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 13-20505-CR-ZLOCH

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.

ROGER ROUSSEAU,

        *Defendant.*

_____/

## DEFENDANT ROUSSEAU'S MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM OF LAW

Defendant, **ROGER ROUSSEAU, M.D.,** through undersigned counsel and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, respectfully moves this Court for the entry of an order directing the government to provide him with a bill of particulars.

## I.
### INTRODUCTION

**DR. ROUSSEAU** is charged for alleged participation in a $63 million Medicare fraud scheme that spanned seven years.  **DR. ROUSSEAU** is charged with conspiracy to commit health care fraud by way of widespread allegations that **DR. ROUSSEAU** and his six (6) co-defendants falsified and fabricated medical records to support claims for services that were not medically necessary and were not provided.[1]  Although **DR. ROUSSEAU** treated thousands of patients over the course of his employment at Health Care Solutions Network of Florida, (hereinafter "HCSN-FL") the Indictment fails to identify *any* patient files or

---

[1]      Indictment, ¶ 5, 6.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

medical records he purportedly falsified or fabricated.  The Indictment does not specify which patient files contain his "blind" signature.  The Indictment therefore fails to provide **DR. ROUSSEAU** with any information of which patient files the government may use against him at trial.  We respectfully request a bill of particularity for the following allegations contained in the Indictment:

> 5.   Roger Rousseau, Doris Crabtree, Angela Salafia, Liliana Marks, Ruben Busquets, Alina Fonts, Blanca Ruiz and their co-conspirators falsified, fabricated, altered, and caused the alteration, falsification and fabrication of HCSN medical records to support claims for PHP services that were not medically necessary and were not provided at HCSN-FL.[2]

The Indictment fails to state with particularity the specific acts **DR. ROUSSEAU** is accused of committing.  Each of the alleged co-conspirators named in the Indictment played a very different role within their employment at HCSN-FL.  These individuals are doctors, nurses, social workers, and administrators.  Each saw patients and created patients notes with respect to their individual duties at HCSN-FL.  Therefore, it is highly improbable that each and every individual co-defendant falsified, fabricated, altered or caused to be altered patient files in the same broad manner.  Accordingly, knowing which specific allegations apply to **DR. ROUSSEAU** is critical to the preparation of his case.

Despite these very serious allegations, the government has failed to identify the particular patient records **DR. ROUSSEAU** allegedly falsified or fabricated.  Without such specificity, it is impossible for **DR. ROUSSEAU** to know which patient records require his investigation.   The specific patients who

---

[2]      Indictment, page 7.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

received treatment that was allegedly unnecessary should be identified to **DR. ROUSSEAU**, so he may make his own assessment.

The discovery in this case is incredibly extensive and voluminous.  There are over 150 boxes of evidence seized pursuant to search warrants being held at the FBI Miramar Healthcare Facility (hereinafter Miramar facility), filling an entire storage unit.  In addition, there are approximately 180 boxes of patient records, administrative documents and billing records related to HCSN operations.  The government has extensive electronic evidence, and is in possession of thirteen imaged hard drives containing approximately 2.5 Terra Bytes (TB) imaged from twelve devices, including those of cooperators in the investigation.  Many files located on the hard drives cannot be opened by defense counsel or the government.  The government has expressed that they will not make any effort to recover these files.  Many of these files were contained on the devices of co-defendants who have cooperated in the case in exchange for a shorter sentence.  It is possible that these files were destroyed in order to avoid self-incrimination.

It is impossible for **DR. ROUSSEAU** to guess which patient records may have been falsified, fabricated or altered so as to be used by the government at trial against him.  He cannot be expected to find these particulars in the hundreds of boxes containing thousands of patient records.  This subjects **DR. ROUSSEAU** to unfair surprise at trial.  He seeks to have the government identify the subject patient files to enable him to prepare an adequate defense.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

6.      Roger Rousseau signed what he knew to be false, fabricated and altered medical records without ever reviewing the material, and, in most instances, without ever meeting the patient.[3]

The government alleges that **DR. ROUSSEAU** signed falsified, fabricated, or altered records without ever reviewing the material or examining the patient. This accusation does not identify the means with which they concluded that **DR. ROUSSEAU** *knowingly* signed falsified, fabricated or altered records, nor how it was determined that these records were in fact falsified, fabricated or altered.  In several instances, **DR. ROUSSEAU'S** signature was forged without his knowledge or consent.  It should be stated with particularity precisely which patients **DR. ROUSSEAU** allegedly did not examine, and which documents he blindly signed. Unless such patients and records are identified, he will not be able to recall any details about those patients that may exonerate him in this case.  He should have the opportunity to view the patient files in question and determine whether he did in fact examine the patient, or whether his signature was forged on a falsified or fabricated record.  If the government is relying on the testimony of alleged co-conspirators that allege that **DR. ROUSSEAU** blindly signed documents, the government should identify the co-conspirator making the statements in addition to the patients' files mentioned in such testimony.

---

[3]        Indictment, page 7.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

9.     Roger Rousseau, Doris Crabtree, Angela Salafia, Liliana Marks, Ruben Busquets, Alina Fonts, Blanca Ruiz and their co-conspirators submitted and caused to be submitted claims to Medicare and Medicaid in an approximate amount of $63 million for PHP services that were not medically necessary and were not provided at HCSN-FL or HCSN-NC.[4]

The Indictment fails to state with any specificity whether **DR. ROUSSEAU** administered services that were not medically necessary, and the manner in which it was concluded that these services were not medically necessary. Furthermore, **DR. ROUSSEAU'S** role in the submitting of fraudulent claims is not evident from the broad language contained in the Indictment.  There are thousands of patients for whom HSCN-FL billed Medicare and referenced **DR. ROUSSEAU** as the attending physician, resulting in millions of dollars worth of claims.

**DR. ROUSSEAU** was not in charge of billing Medicare for patient claims. Additionally, he was not the only attending physician.  If specific patient claims are not identified, we cannot know whether the patients in question received the appropriate and necessary treatment and whether Medicare was correctly billed for the services rendered.  Knowing which specific patient claims were deemed "medically unnecessary" by the government is essential in the preparation of **DR. ROUSSEAU'S** defense.

---

[4]     Indictment, page 8.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

10. Roger Rousseau, Doris Crabtree, Angela Salafia, Liliana Marks, Ruben Busquets, Alina Fonts, Blanca Ruiz and their co-conspirators caused the transfer and disbursement of illicit proceeds derived from a fraudulent billing scheme into and out of HCSN's, PCN's, and Procare's various bank accounts to themselves and to others.[5]

DR. ROUSSEAU'S role within HCSN-FL did not involve the distribution of funds. He did not have control of the above-mentioned accounts. His sole responsibility was to provide care to his patients. The government has not produced any evidence of particular transactions in which DR. ROUSSEAU is shown to be directly responsible for the transfer or disbursement of illicit proceeds derived from a fraudulent billing scheme. There do not appear to be any checks or wires disbursed from HCSN-FL's corporate accounts in which DR. ROUSSEAU provided a signature of authorization. We respectfully request that the government provide DR. ROUSSEAU with specific evidence of his involvement in the disbursement of illegal funds from HCSN-FL accounts.

## II.
## MEMORANDUM OF LAW

Rule 7(f) of the Federal Rules of Criminal Procedure allows a district court to "direct the government to file a Bill of Particulars, and the broad discretion to decide whether a bill of particulars is appropriate rests solely in the district court."[6] "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the

---

[5] Indictment, page 8.
[6] *United States v. Colson*, 662 F.2d 1389 (11th Cir. 1981).

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

event of a later prosecution of the same offense."[7]  A bill of particulars, though prohibited from being used as a general discovery device, may be used to supplement an indictment "by providing the defendant with information necessary for trial preparation."[8]

The Second Circuit's decision in *United States v. Bortnovsky* provided an excellent instruction for the propriety of a bill of particulars.  The indictment in *Bortnovsky* charged the defendants engaged in a scheme to defraud the government by submitting false and inflated insurance claims to the Federal Emergency Management Administration ("FEMA") and New York Property Insurance Underwriting Association for burglary losses.  However, the indictment failed to identify which of the burglaries claimed were the ones the government intended to prove were fraudulent.  Instead, the government produced over 4,000 documents in discovery.  The Second Circuit held that defendants were hindered in preparing their defense and determined that a bill of particulars was appropriate.  The court additionally stated:

> "While we commend the government for cooperating in the turning over of documents prior to trial, we do not look with favor on the manner in which the government conducted the prosecution…The government did not fulfill its obligation by merely providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."

Applying the court's reasoning in a Medicare fraud prosecution with over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims, the court in *United States v. Nachamie* directed the

---

[7]  *United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986).
[8]  *Colson*, 662 F.2d at 1391.

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

government to identify which claims were allegedly false and why, despite the indictment's general specification of five ways in which the claims were falsified.[9]

The Eleventh Circuit has similarly applied the reasoning in *Bortnovsky*. For example, in *United States v. Sampson*, the court observed that in the case of fraud…it is critical that the government identify in the indictment…the specific fraudulent documents, and the fraudulent statements within the documents."[10] The court found that a bill of particulars was required so that the defendant may aptly defend the charges against him.  Applying this court's reasoning to the instant case, **DR. ROUSSEAU'S** request is not only reasonable but necessary to his defense.  The government cannot inundate **DR. ROUSSEAU** with hundreds of boxes containing thousands of patient records of a seven year operation, and expect him to locate those records he allegedly falsified.  Vague accusations not linked to any specific patients can be readily challenged as unreliable and unsubstantiated.[11]

Furthermore, it would be impossible for **DR. ROUSSEAU** to identify whether he ever examined a patient without knowing the patient's name and viewing his medical record.  Identification of the patients at issue, and identification of which documents and/or records were allegedly falsified, is essential to the preparation of **DR. ROUSSEAU'S** defense.  Without such information, **DR. ROUSSEAU** is susceptible to unfair surprise and has a significant disadvantage at trial. Therefore, as precedent has established, the government must identify the

---

[9]     *United States v. Nachamie*, 91 F.Supp.2d 565 (S.D.N.Y. 2000).
[10]    *United States v. Sampson*, 448 F.Supp.2d 692 (E.D. Va. 2006).
[11]    *Brady v.Maryland*, 83 S.Ct. 1194 (1963).

Law Offices of Samuel J. Rabin, Jr., P.A. • 799 Brickell Plaza, Suite 606, Miami, FL 33131 • Telephone (305) 358-1064

patients and corresponding records and documents that were allegedly falsified by DR. ROUSSEAU.

III.

CONCLUSION

Based on the foregoing arguments, the defendant ROGER ROUSSEAU, M.D. respectfully requests this Court direct the government to provide a bill of particulars as specifically requested in this motion, and any other such relief it deems appropriate.

Respectfully submitted,

**SAMUEL J. RABIN, JR., P.A.**
Eastern National Bank Building
799 Brickell Plaza, Suite № 606
Miami, FL 33131•2808
Tel: 305•358•1064
Fax: 305•372•1644
Email: sjr@miamilawyer.com

s/ *Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October 2013, a true and correct copy of the foregoing Defendant Rousseaus's Motion for Bill of Particulars and Incorporated Memorandum of Law was furnished to all counsel on the list of counsel designated to receive electronic filings in this case.

s/ *Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.