UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 13-20505-CR-SCOLA

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ROGER ROUSSEAU,

    *Defendant*.

_____/

## MOTION IN *LIMINE* TO PRECLUDE THE USE OF ALLEGED 404(b) EVIDENCE

The Defendant, **DR. ROGER ROUSSEAU**, by and through undersigned counsel, moves this Honorable Court to enter an Order precluding the government from using certain alleged 404(b) evidence during the trial of this cause, and as grounds therefore avers the following:

### FACTUAL BACKGROUND

1. **DR. ROUSSEAU** is charged in a thirteen-count indictment with violating 18 U.S.C. §§ 1349, and 1347.

2. The allegations against **DR. ROUSSEAU** accuse him of knowingly participating in Medicare fraud with requisite intent.

3. The government has filed a notice of its intent to use evidence of other crimes, wrongs or acts pursuant to Federal Rule of Criminal Procedure 404(b).

3. The government seeks to introduce the testimony of Frank Pabon who will testify that he referred patients to HCSN in exchange for kickbacks. He will state that **DR. ROUSSEAU** told Mr. Pabon that New Era, a PHP where **DR. ROUSSEAU** too served as

Medical Director, would pay him kickbacks the same way that HCSN was paying him kickbacks for referring patients. Further, he will state that **DR. ROUSSEAU** introduced him to the owner of New Era, and all three discussed how Mr. Pabon would be paid. He will also state that New Era paid him kickbacks in the form of a restaurant gift card similar to HCSN.

4. The government intends to introduce this extrinsic evidence to prove that **DR. ROUSSEAU** had the knowledge and intent to defraud Medicare.

5. The Standing Discovery Order in this case states in pertinent part:

> ORDERED and ADJUDGED that on or before fourteen (14) days from the date of this Order, the parties shall confer and the following shall be accomplished:
>
> (h) The government shall advise the defendants of its intention to introduce extrinsic act evidence pursuant to Federal Rule of Evidence 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case-in-chief, for impeachment, or for possible rebuttal. Furthermore, the government shall apprise the defense of the general nature of the evidence of the extrinsic acts.

6. The government submitted its notice of its intention to use 404(b) evidence on Thursday, October 30, 2014 at 6:10 PM.

7. By way of the foregoing motion, **DR. ROUSSEAU** seeks to preclude the government from introducing the expected 404(b) evidence against him at trial on the grounds that the evidence is not proper 404(b) evidence.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

## II.
### THE EVIDENCE IS NOT 404(B) EVIDENCE
### THEREFORE IT IS NOT ADMISSIBLE

First, the purpose of the government's proffered 404 evidence in this case is not to advance a legitimate evidentiary purpose as set forth in the Rule (e.g. proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident), but rather to further the impermissible end of attempting to show that **DR. ROUSSEAU** has a propensity to commit **"crimes of the sort** with which he is charged." (Emphasis in original). *United States v. Dothard,* 666 F.2d at 502, quoting *United States v. Goodwin,* 492 F.2d 1141, 1153 (5th Cir. 1974). Therefore, the testimony at issue does not fit within the exceptions provided in 404(b)(2), but rather is the exact type of evidence 404 was created to exclude.

## II.
### THE GOVERNMENT DID NOT ABIDE BY THE
### STANDING DISCOVERY ORDER

According to the Standing Discovery Order, the government had fourteen days from July 25, 2013 to notify the defendants of its intent to use 404(b) evidence.[1] However, the government waited until the Thursday before trial to notify the defense of its intent to introduce 404(b) evidence.

Furthermore, the Eleventh Circuit has discerned three factors that the district court should take into consideration in determining whether reasonable notice has been provided to the defendant. Those three factors are:

---

[1] On July 31, 2013 the government provided a 302, where Mr. Pabon admitted to being paid kickbacks from a PHP called New Era. It also stated that Dr. Rousseau was the Medical Director of this PHP. On February 2, 2014 the government provided a 302 which stated that Dr. Rousseau told Mr. Pabon there would be an incentive for him if he referred patient to New Era, and also asked Mr. Pabon if he was taken care of after he referred a patient to New Era.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

(1) When the Government, through timely preparation for trial, could have learned of the availability of the witness;

(2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and

(3) How significant the evidence is to the prosecution's case.

*United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994).

Applying those factors to the circumstances in this case will illustrate that the government's notice of its intent to use 404(b) evidence was in fact unreasonable. First, the government had the report of interview from the U.S. Department of Health and Human Services approximately nine months before the commencement of this trial. Therefore, the government had ample time to provide **DR. ROUSSEAU** with its notice of introducing 404(b) evidence. Next, the government submitted its notice on the Thursday before the first day of trial giving **DR. ROUSSEAU** little time to prepare. Finally, this evidence is not significant to the government's case. The government has ample evidence in this case, and its need for Mr. Pabon's testimony on this issue is extremely minor.

Therefore, if this Court determines that this evidence does in fact fall within 404(b), it should preclude the government from introducing the 404(b) evidence because the government did not provide **DR. ROUSSEAU** with reasonable notice.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

## III.
## 404(B) EVIDENCE FAILS THE THIRD PRONG OF THE THREE-PART TEST FOR ADMISSIBILITY OF 404(B) EVIDENCE

Finally, if this Court determines that this evidence is 404(b) evidence, it should be precluded because it fails the third prong of the three-part test developed to determine the admissibility of 404(b) evidence.

Under Fed.R.Evid. 404(b)(1):

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.

However, this general prohibition against the use of character evidence is limited by Fed.R.Evid. 404(b)(2), which provides:

> Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, which as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Eleventh Circuit Court of Appeals has developed a three-part test for determining whether evidence of other crimes or acts can be admitted under Rule 404(b):

> (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.  *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013).

Furthermore, even if this Court determines that the 404(b) evidence the government is seeking to introduce falls within 404(b)(2), it should be excluded because it fails the three-part test created to determine admissibility of 404(b) evidence.  The third prong states that if the probative value of the evidence is substantially outweighed by

undue prejudice it must be excluded. Moreover, the Eleventh Circuit has stated that 404(b) evidence is often disfavored because of the possibility for its misuse, especially where the government has a strong case. *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991).

> In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in. This may seem like a heads I win; tails you lose proposition, but it is presently the law. *Id.*

After thoroughly reviewing the discovery in **DR. ROUSSEAU'S** case it is apparent that the government has a strong case which includes extensive testimony of the transactions that form the basis of the indictment. The 404 evidence at issue is not essential to the government to obtain a conviction against **DR. ROUSSEAU**. Therefore the government's need for 404(b) evidence is unwarranted, or minimal at best.

Law Offices of Samuel J. Rabin, Jr., P.A., 800 Brickell Avenue, Suite 1400, Miami, FL 33131, Telephone (305) 358-1064

## CONCLUSION

For the reasons and on the basis of the law set forth herein, **DR. ROUSSEAU,** respectfully requests that this Honorable Court enter its Order precluding the government from introducing its alleged 404(b) evidence during the trial of this cause.

Respectfully submitted,

**SAMUEL J. RABIN, JR., P.A.**
800 Brickell Avenue
Suite 1400
Miami, FL 33131
Tel:  305.358.1064
Fax:  305.372.1644
Email: sjr@miamilawyer.com

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November 2014, a true and correct copy of the foregoing Motion in Liminie to Preclude the Use of Alleged 404(b) Evidence was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
