UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20505-CR-SCOLA

UNITED STATES OF AMERICA

vs.

ROGER ROUSSEAU,
DORIS CRABTREE,
ANGELA SALAFIA,
LILIANA MARKS,
ALINA FONTS, and
BLANCA RUIZ,

        **Defendants.**
_____/

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ADMITTING SELF-SERVING HEARSAY FROM THEIR INTERVIEWS WITH LAW ENFORCEMENT

While the government intends to introduce portions of defendants' statements to federal agents, defense counsel should not be allowed to introduce self-serving hearsay statements made by defendants during the defendants' interviews with law enforcement. *See United States v. Ramirez-Perez*, 166 F.3d 1106 (11th Cir. 1999); *United States v. Allen*, 416 Fed. Appx. 875 (6th Cir. 2011). Defendants made a number of inculpatory statements in their interviews with law enforcement. However, they also made certain statements that were self-serving, including, but not limited to, the following:

- Rousseau:
    - While he had a stamp of his signature, he said he did not allow anyone to use it at Health Care Solutions Network, Inc. ("HCSN").

1

- o   He said he had no agreements with anyone at HCSN to allow them to sign documents for him.
- o   He said he never blindly signed documents without reviewing them.
- Crabtree:
  - o   In the interview following her arrest, she denied fabricating group therapy notes, and prepared notes only for patients to whom she had provided services.
- Salafia:
  - o   She stated that she never cloned group therapy notes.
- Marks:
  - o   She stated that she never created a note for an absent patient.
- Fonts:
  - o   In her first interview, she denied writing notes for therapists who were not present for their group sessions.
  - o   In her second interview, she denied seeing patients who were in an abnormal mental state at HCSN.

When introduced by the government, the defendants' statements to federal agents are not hearsay because they are admissions by party opponents. Fed. R. Evid. 801(d)(2)(A). However, there is no applicable hearsay exception for exculpatory statements offered by a defendant.

In *United Stats v. Ramirez*, the defendant challenged the district court's decision to allow into evidence testimony regarding inculpatory parts—but not exculpatory parts—of the statement that he made to federal agent following his arrest. "The gist of the exculpatory parts of [defendant's] statement was that he knowingly brought the pistol, but that he did not know either

2

that they were going to the hotel or that they were engaged in a drug transaction." *Id.* at 1111. The Eleventh Circuit upheld the district court's decision, holding that the rule of completeness, Federal Rule of Evidence 106, did not apply unless a written statement was involved. Because the prosecutor asked the agent what the defendant told him (an oral statement), Rule 106 did not apply, despite defendant's argument that allowing part of the statement in, but not all of it, would be unfair. *Id.* at 1113-14.

In *United States v. Allen*, 416 Fed. Appx. 875 (6th Cir. 2011), the Eleventh Circuit similarly upheld the district court's decision to exclude portions of the defendant's interview with law enforcement that were self-serving even though the government introduced other, inculpatory portions of the same interview. In *Allen*, the defendant was charged with assault of a corrections officer. The defendant made inculpatory statements during a post-offense interview, but also made a series of statements that attempted to minimize his conduct. The district court excluded portions of the defendant's interview in which he alleged that he had a cigarette deal with the victim of the assault (the corrections officer), and stated that the cigarette transaction caused the altercation, implying that the victim was not acting in his official capacity during the assault. On appeal, the defendant argued the statements were admissible under Federal Rule of Evidence 803(3), 804(b)(3) or 106. The court rejected the defendant's arguments, noting that (1) under Rule 803(3), the defendant had to make the statement at the time the events were occurring, not after the fact, (2) under Rule 804(b)(3), the statements were not inculpatory, and (3) under Rule 106, the rule of completeness did not apply to oral statements.

In this case, the defendants made a number of exculpatory statements to federal agents in their interviews that are hearsay, and do not fall within any exception to the hearsay rule. Rule 804(b)(3) does not apply because the statements do not tend to incriminate the defendants (just

the opposite), and Rule 106 does not apply because they are oral, not written, statements.  The defendants, of course, should not be precluded from cross-examining the testifying agent about any statement elicited on direct examination, and to examine the accuracy of those statements.

     Pursuant to Local Rule 88.9, the parties have conferred in a good faith effort to resolve the issues raised by this motion, but have been unable to do so.

                                   Respectfully submitted,

                                   WIFREDO A. FERRER
                                   UNITED STATES ATTORNEY

                                   By: /s/ A. Brendan Stewart

                                   A. Brendan Stewart
                                   Court ID No. A5501801
                                   Trial Attorney
                                   Criminal Division, Fraud Section
                                   1400 New York Avenue, NW
                                   Eighth Floor
                                   Washington, DC 20005
                                   Phone: (202) 716-1142
                                   E-mail: Brendan.Stewart@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on November 10, 2014.

/s/ A. Brendan Stewart
Trial Attorney