**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER: 13-20505-CR-SCOLA**

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**

**ANGELA SALAFIA,**

  **Defendant.**

_____/

<u>**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**</u>

ANGELA SALAFIA, pursuant to Fed. R. Crim P. 29(c), hereby renews her Motion for Judgment of Acquittal and argues the following:

On November 26, 2014, a jury acquitted Mrs. Salafia of Counts 8 and 9 of a Superseding Indictment charging her with two counts of making false statements relating to health care matters in violation of Title 18 U.S.C. § 1035 [DE No. 333 and 345].  The jury, however, returned a "no decision" as to Count 1, conspiracy to commit health care fraud.

On December 10, 2014, Mrs. Salafia filed an unopposed motion for extension of time in which to file her renewed Motion for Judgment of Acquittal [DE No. 367], and the Court granted an extension to January 26, 2015 [DE No. 369].

The instant Motion for Judgment of Acquittal follows.  Mrs. Salafia argues that the evidence the Government offered at trial was insufficient to sustain a conviction as to the conspiracy count (Count 1).

Mrs. Salafia and others were charged with conspiracy to commit health care fraud.[1]  The elements of this offense are: (1) two or more persons in some way agreed to try to accomplish a

---

[1] A conspiracy brought under Title 18 U.S.C. § 1349 does not require proof of an overt act.  See Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction 53 (2010 Edition):  "No overt act is required by § 1349, and Congress' omission of that requirement has been held by both the Supreme Court and the Eleventh Circuit to mean it has dispensed with such a requirement."

shared and unlawful plan, as charged in the Indictment; and (2) the defendant knew the unlawful purpose of the plan and willfully joined it.  See Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction 13.1 (2010 Edition), Offense Instruction 53 (1010 Edition).

The Government's substantive evidence against Mrs. Salafia consisted of numerous "cloned" or replicated Group Therapy notes, particularly relating to patients Divina Garcia and Reinaldo Rodriguez.[2]   The Government claimed that Mrs. Salafia merely "cut and pasted" group therapy notes as they pertained to those patients and that those notes were "false statements relating to health care matters in violation of Title 18 U.S.C. § 1035."

Mrs. Salafia was acquitted of the two false statement counts — which substantively supported the Government's conspiracy claim — leaving only the conflicting and controverted testimonial allegations made by Government cooperating witnesses[3] that Mrs. Salafia "knew the unlawful purpose of the plan and willfully joined it."

And, to prove that, Government collaborators testified as to the Medicare-suitability of patients at HSCN, testified that patients were regularly re-cycled between East and West HCSN clinics, and testified that the patients did not receive any real therapy and, instead, "colored" or "listened to music."[4]

---

Title 18 U.S.C. § 1347 makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit provider.

The Government also sought, and received, a "Pinkerton" instruction, i.e., "[that] each party to a conspiracy may be vicariously liable for the substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, notwithstanding the party's nonparticipation in the offenses or lack of knowledge thereof."  Pinkerton v. U.S., 328 U.S. 640 (1946).  U.S. v. Hansen, 262 F.3rd 1217, 1246—1247 (11th Cir. 2001).

[2]      The Government also introduced "cloned" or replicated notes in reference to patient Dulce de la Torre, though there was no substantive count(s) leveled against Mrs. Salafia in relation to those particular notes and that particular patient.

[3]      At least two of the Government's cooperating witnesses:  GEMMA PAMPIN and DANA GONZALEZ admitted fabricating numerous group therapy notes on a regular or "as needed" basis.

[4]      Mrs. Salafia had no say as to the admission of any patient or patients at HCSN East.  Mrs. Salafia had no knowledge of any "recycled patient(s)" between HCSN East and HCSN West, having never worked at HCSN West.

There was no evidence, however, of Mrs. Salafia's awareness of any plan or scheme or artifice by HCSN to defraud any health care benefit program or provider; much less evidence of any knowledge of any plan or scheme or artifice by HCSN to fraudulently bill Medicare.

Mrs. Salafia did not participate in any "group meeting" in which cloned or replicated group therapy notes were generally discussed or specifically requested for the expressed purpose of defrauding Medicare — having left her job at HCSN East before such meetings became routine.[5]

Specific intent is an essential element of criminal conspiracy, and the specific intent required for the crime of conspiracy is the intent to advance or further the unlawful object of the conspiracy. U.S. v. Wallace, 85 F.3rd 1063 (2nd Cir. 1996); U.S. v. Powell, 113 F.3rd 464 (3rd Cir. 1997).  In establishing participation in a conspiracy, mere association with other members of the conspiracy, *without intention and agreement to accomplish a specific illegal objective*, (emphasis added), is not sufficient to make one a conspirator.  See U.S.v Hubbard, 96 F.3rd 1223 (9th Cir. 1996) and U.S. v. Herrera-Gonzalez, 263 F.3rd 1092, 1095 (9th Cir. 2001).

WHEREFORE because the Government has failed to present sufficient evidence to sustain a conviction as to the conspiracy count (Count 1), Mrs. Salafia respectfully prays that this Court enter a judgment of acquittal as to that count.

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was electronically filed via the CM/ECF system this 12th day of January 2015.

Respectfully submitted,

**s/Rick Hermida**
Florida Bar Number 716790
55 Merrick Way • Suite 212
Coral Gables, FL  33134
Phone 305-461-1116
FAX     305-461-6446

---

[5]     Indeed, Mrs. Salafia and other contract employees had no knowledge of HCSN billing "mechanics," that is to say, whether treated patients were Medicare recipients, Medicaid recipients, or had private insurance, and what services HCSN actually billed the benefits provider for.